

HOGAN THOMPSON SCHUELKE
LLP

May 21, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

 Re: No. 23–50479, *DDR Weinert v. Ovintiv USA* Rule 28(j) Letter of Supplemental Authority

Mr. Cayce,

This appeal was argued to a Panel consisting of Justices Jones, Clement, and Wilson on April 30, 2024. Please deliver a copy of this letter to the Panel members.

On Friday, the Texas Supreme Court issued its opinion in *Occidental Permian, Ltd. v. Citation 2002 Investment, LLC*, 2024 WL 2226281 (May 17, 2024). This opinion considered whether an assignment of all rights and title to mineral interests conveyed oil and gas lease interests in their entirety or reserved certain interests to the grantor. *Id.* at *1.

Occidental argued that the assignment's "subject-to" clauses limited the conveyances to certain depths. *Id.* at *6. The Court rejected that argument, relying on *Wenske v. Ealy*, 521 S.W. 3d 791 (Tex. 2017):

> In *Wenske v. Ealy*, we held that courts are to interpret the phrase "subject to" in context to determine its intended effect. We observed

> "that subject-to clauses are widely used for other purposes" than their ordinary meaning of "subordinate to, subservient to or limited by." For example, subject-to clauses can explain that a property is "subject to an outstanding mineral lease and that lease is to be maintained after the conveyance." **An agreement may be "subject to" a term that does not limit the scope of the conveyance but instead notifies the grantee of a right or obligation attendant to the property conveyed**.

*Occidental*, 2024 WL 2226281, at *6 (citing *Wenske*, 521 S.W. 3d at 794-97) (emphasis added). The Court analyzed each relevant assignment's subject-to clauses in the context of the entire agreement and concluded that none of them limited the conveyance or created a reservation.

Occidental confirms the error in appellants' argument that the subject-to clauses in their deeds were merely notice of limitations on the Richters' conveyances. Appellants Brief at 38-40 (citing *Wenske*).[1] Rather, the deeds notified appellants that they were assuming Lease-related encumbrances and indebtedness along with the mineral interests.[2]

---

[1] *See* DDR Principal Brief Arguments II(A), III; DDR Reply Brief at Argument IV(B).
[2] *See* Ovintiv's Brief at Argument II(B).

Respectfully submitted,

**HOGAN THOMSON SCHUELKE LLP**

**BY**: */s/ Christopher M. Hogan*
Christopher M. Hogan
Texas Bar No. 24065434
Samantha L. Thompson 24102568
1001 Fannin Street, Suite 4775
Houston, Texas 77002
*chogan@hoganthompson.com*
*sthompson@hoganthompson.com*
Telephone: (713) 671–5630
Facsimile:   (713) 671-5632

***Counsel for Defendants – Appellees,***
***Ovintiv (USA), Inc. f/k/a Encana Oil & Gas, Inc.***

# CERTIFICATE OF SERVICE

This certifies that the foregoing Rule 28(j) Letter of Supplemental Authority was served on May 21, 2024, in compliance with FED. R. APP. P. 25(c)(2)(A) by filing with the Clerk of the Court using the CM/ECF filing system, on:

Corey F. Wehmeyer
*cwehmeyer@swenergylaw.com*
Renée A. Yanta
*ryanta@swenergylaw.com*
Emily A. Gearhart
*egearhart@swenergylaw.com*
SANTOYO WEHMEYER, P.C.
12400 San Pedro Avenue, Suite 300
San Antonio, Texas 78216
Telephone:   (210) 998-4200
Facsimile:    (210) 998-4201

*Counsel for Plaintiffs – Appellants* DDR Weinert, Ltd. And DDR Williams, Ltd.

*/s/ Christopher M. Hogan*
Christopher M. Hogan

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 28(j), the body of this letter contains 349 words.

> _/s/ Christopher M. Hogan_
> Christopher M. Hogan.
>
> **_Counsel for Defendants – Appellees_**
> **_Ovintiv (USA), Inc. f/k/a Encana Oil & Gas_**
> **_(USA), Inc._**

Dated: May 21, 2024