SANTOYO WEHMEYER P.C.

ENERGY ATTORNEYS

May 24, 2024

Corey F. Wehmeyer
cwehmeyer@swenergylaw.com
210.998.4190

Judge Edith H. Jones
Judge Edith Brown Clement
Judge Cory T. Wilson
Lyle W. Cayce, Clerk
United States Court of Appeals for the 5th Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

> Re: Case No. 23-50479; *DDR Weinert v. Ovintiv USA*; USDC No. 5:22-CV-558; Response to Appellees Rule 28(j) Letter of Supplemental Authorities

Dear Judges and Clerk of the Court:

Under Federal Rule of Appellate Procedure 28(j), Appellants DDR Weinert, Limited and DDR Williams, Limited (collectively "DDR") submit this response to Appellee Ovintiv USA's ("Ovintiv") supplemental authorities. In its May 21, 2024 correspondence, Ovintiv directs this Court's attention to the Texas Supreme Court's recent opinion in *Occidental Permian, Ltd. v. Citation 2002 Investment, LLC*, 2024 WL 2226281 (May 17, 2024).

*Occidental* recognizes that a "subject to" clause in a deed may serve to "***notif[y]*** the grantee of a right or obligation attendant to the property conveyed." *Id.*

at *6 (emphasis added). Ovintiv misconstrues this principle, arguing that *Occidental's* analysis supports a conclusion that the "subject to" clauses in DDR's deeds notified them they "were assuming Lease-related encumbrances and indebtedness along with the mineral interests." Ovintiv's Letter, p.2. That is not what *Occidental* says. The Texas Supreme Court specifically chose the word "notifies." Notifying does not mean assuming.

*Occidental* instead supports DDR's position that a "subject to" clause is not a contractual assumption of a personal debt. *Occidental* simply shows that a "subject to" clause in a deed can serve to ***notify*** a grantee of potential limitations to the title conveyed. Appellants' Brief at 38-45; Appellants' Reply at 23-28. Nothing in *Occidental* supports the novel idea that a "subject to" clause can make a grantee personally liable for any obligation associated with a real property interest, much less one not attached to that interest. No Texas case stands for that proposition, and *Occidental* did not change that.

Sincerely yours,

Corey F. Wehmeyer

cc:     Christopher M. Hogan (via e-service)

        Samantha L. Thompson (via e-service)