
October 15, 2024

Judge Edith H. Jones
Judge Edith Brown Clement
Judge Cory T. Wilson
Lyle W. Cayce, Clerk
United States Court of Appeals for the 5th Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

Re:    Case No. 23–50479; *DDR Weinert v. Ovintiv USA*, U.S. Dist. Ct. No. 522–CV–558; Response to Appellants' Rule 28(j) Letter of Supplemental Authority

To the Honorable Panel and Clerk of the Court:

Unsurprisingly, DDR's "new" authority—an unpublished decision from nearly four months ago—offers nothing new. If anything, this case (*Unitex WI, LLC v. CT Land & Cattle Co., LLC*, No. 07–23–00390–CV, 2024 WL 3249338 (Tex. App.—Amarillo June 28, 2024, pet. filed)) supports Ovintiv's position.

In *Unitex*, the lease of the mineral estate for a property required the lessee to bury all pipelines at lessor's request. Long after the lease was executed, the surface estate was transferred via deed to appellee CT. The deed stated that the surface transfer was "SUBJECT, HOWEVER, TO: A. All valid and subsisting oil, gas, and mineral leases …." *Id.* at *1. The court concluded the subject-to clause limited the conveyance by excepting the existing lease from the transfer. *Id.* at *2.

Under *Wenske v. Ealy*, 521 S.W.3d 791 (Tex. 2017), which requires reading subject-to clause in the context of the entire transaction, that result makes sense. The deed to a surface estate would not ordinarily convey the lessor's rights in the severed mineral estate.

But in our case, the Deeds conveyed <u>the mineral estates</u> to DDR. The Richters intended to convey their right to royalty payments to DDR—so a reasonable interpretation of the Deeds would not conclude the subject-to clauses excluded the Leases. Indeed, the Richters' actions support such a reading, as they asked for new division orders that paid DDR "in accordance with the Deeds." *See* Appellee's Br. at 6. Nothing in *Unitex* supports interpreting the subject-to clauses in these Deeds as conveying the right to royalties under the Leases while simultaneously subtracting "indebtedness" or "encumbrances" in connection with those Leases.

The absurdity of DDR's position can be seen through the logical conclusion of their argument. If DDR is correct that "[a] 'subject to' clause does not create a contractual transfer of existing rights or obligations," Letter at 3, <u>then DDR would have acquired no rights to royalties under the Richters' Leases</u>.

*Unitex* provides no support for reversal and only further demonstrates the flaws in DDR's argument to this Court.

Respectfully submitted,

**HOGAN THOMPSON SCHUELKE LLP**

**BY**: */s/ Christopher M. Hogan*

Christopher M. Hogan
Texas Bar No. 24065434
Samantha L. Thompson 24102568
1001 Fannin Street, Suite 4775
Houston, Texas 77002
chogan@hoganthompson.com
sthompson@hoganthompson.com
Telephone: (713) 671–5630
Facsimile: (713) 671-5632

***Counsel for Defendants – Appellees,
Ovintiv (USA), Inc. f/k/a Encana Oil & Gas, Inc.***

Cc:   Corey F. Wehmeyer
cwehmeyer@swenergylaw.com
Renée A. Yanta
ryanta@swenergylaw.com
Emily A. Gearhart
egearhart@swenergylaw.com
*Counsel for Plaintiffs-Appellants*
DDR Weinert, Ltd. and DDR Williams, Ltd.

### CERTIFICATE OF COMPLIANCE

In accordance with Federal Rule of Appellate Procedure 28(j) and Local Rule 28.4, the body of this Letter Response contains 341 words.

The body of Appellants' Letter Brief contains 412 words and therefore exceeds the 350-word limit of Rule 28(j).

*/s/ Christopher M. Hogan*
Christopher M. Hogan